**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **NATALIE WILSON** | ) | **CASE NO:  1:14-cv-632** |
| 2686 Erlene Drive, #2203 | ) | |
| Cincinnati, OH  45238 | ) | **JUDGE** _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ENHANCED RECOVERY COMPANY, LLC** | ) | **JURY TRIAL DEMANDED** |
| c/o CT Corporation System | ) | |
| 1300 East 9th Street | ) | |
| Cleveland, OH  44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **MARK A. THOMPSON** | ) | |
| 8014 Bayberry Road | ) | |
| Jacksonville, FL  32256 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **KIRK R. MOQUIN** | ) | |
| 8014 Bayberry Road | ) | |
| Jacksonville, FL  32256 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES PLAINTIFF, **NATALIE WILSON,** by and through the undersigned counsel, and for her complaint against Defendants **ENHANCED RECOVERY COMPANY, LLC, MARK A. THOMPSON** and **KIRK R. MOQUIN,** alleges and states as follows:

## INTRODUCTION

1. This is an action for statutory damages brought by Plaintiff, **NATALIE WILSON**, an individual consumer, against **ENHANCED RECOVERY COMPANY, LLC, MARK A. THOMPSON** and **KIRK R. MOQUIN** (collectively "Defendants"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and which creates a private right of action to redress violations thereof.

2. It is also for corollary claims under Ohio's Consumer Sales Practices Act, R.C. §1345 *et seq.* ("CSPA").

3. This action is also brought for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* (the "TCPA"), which prohibits calls using automatic telephone dialing systems or artificial or prerecorded voices to cellular telephones without the express permission of the recipient, and which creates a private right of action to redress violations thereof. Congress has found that such unwanted automated calls are a "nuisance and an invasion of privacy, regardless of the type of call." *Id.*

## VENUE AND JURISDICTION

4. The action arises under 15 U.S.C. §1692 and 47 U.S.C. §227, federal statutes, and thus this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that Defendants transact business in this District and the cause of action asserted herein arose in this District.

## PARTIES

6. NATALIE WILSON is, and was at all relevant times herein, a resident of Cincinnati, Ohio.

7. NATALIE WILSON is a "consumer" as that term is defined under the FDCPA 15 U.S.C. §1692a(3) and the CSPA.

8. ENHANCED RECOVERY COMPANY, LLC is a Delaware corporate entity, which is registered to do business in Ohio and which attempts to collect debts or otherwise obtain funds from Ohio consumers.

9. ENHANCED RECOVERY COMPANY, LLC is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) and a "supplier" under the CSPA.

10. MARK A. THOMPSON is a Florida resident, who is an officer, director, and/or shareholder of ENHANCED RECOVERY COMPANY, LLC

11. MARK A. THOMPSON is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) and a "supplier" under the CSPA.

12. KIRK R. MOQUIN is a Florida resident, who is an officer, director, and/or shareholder of ENHANCED RECOVERY COMPANY, LLC.

13. KIRK R. MOQUIN is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) and a "supplier" under the CSPA.

14. KIRK R. MOQUIN and MARK A. THOMPSON, individually and/or collectively, exercise complete control over ENHANCED RECOVERY COMPANY, LLC, so that it has no separate mind; that control is exercised to commit fraud or illegal acts against Plaintiff and consumers like her; and that control resulted in injury, such that these individuals may be held liable for the acts of ENHANCED RECOVERY COMPANY, LLC.

## FACTS

15. Defendants began calling Natalie Wilson within the past year.

16. Defendants called Ms. Wilson on her cell phone.

17. Defendants called Ms. Wilson excessively.

18. Defendants called for the purpose of attempting to collect an alleged debt.

19. On multiple occasions, Ms. Wilson asked Defendants to stop calling her.

20. Defendants refused, stating, "We don't have to stop calling you."

21. Defendants also threatened to have a warrant issued for Ms. Wilson's arrest.

22. Ms. Wilson asked to speak with a supervisor.

23. Defendants refused to allow Ms. Wilson to speak with someone who could address her complaints regarding the harassing phone calls.

24. Defendants continued to call Ms. Wilson in spite of her multiple requests that the calls stop.

25. Defendants misrepresented facts related to the alleged debt (such as the nature, its ownership, and amount of the debt) and their intentions with respect thereto.

26. Defendants never sent a written dunning letter or statement of rights to Ms. Wilson.

27. Defendants' actions caused Ms. Wilson embarrassment and other emotional damage.

28. In connection with the facts, events, and averments herein, Defendants acted willfully and maliciously, with spite and ill will, and/or with reckless disregard for Plaintiff's rights and safety.

## FIRST CLAIM FOR RELIEF
(FDCPA Violations)

29. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

30. Defendants (individually and/or collectively) violated 15 U.S.C. §1692d generally by engaging in the conduct described herein and other conduct to be proven at trial, which had the natural consequences to "harass, oppress, or abuse" Ms. Wilson in connection with the collection of the alleged debt.

31. Defendants (individually and/or collectively) violated 15 U.S.C. §1692d(5) by causing Ms. Wilson's phone to ring with intent to annoy, abuse, or harass.

32. Defendants' conduct violated 15 U.S.C. §1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of any debt.

33. Defendants (individually and/or collectively) violated 15 U.S.C. §1692e(1) in that they falsely represented or implied that the debt collector is affiliated with a State entity.

34. Defendants (individually and/or collectively) violated 15 U.S.C. §1692e(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of the Plaintiff.

35. Defendants (individually and/or collectively) violated 15 U.S.C. §1692e(5) by threatening legal action that could not be legally taken and that they did not intend to take.

36. Defendants (individually and/or collectively) violated 15 U.S.C. §1692e(7) by falsely representing or implying that the Plaintiff committed a crime, or other conduct, in order to disgrace the her.

37. Defendants (individually and/or collectively) violated 15 U.S.C. §1692e(10) by using deceptive means to collect a debt as described herein.

38. Defendants (individually and/or collectively) violated 15 U.S.C. §1692f generally by engaging in the conduct described herein and other conduct to be proven at trial, which is unfair and unconscionable.

39. Defendants (individually and/or collectively) violated 15 U.S.C. §1692g by not providing a written notice within five days after initial communication with the Plaintiff.

40. Defendants (individually and/or collectively) violated the FDCPA in other ways as described herein and to be proven at trial.

41. Under the FDCPA, Natalie Wilson is entitled to recover statutory damages, actual, damages, attorney fees, and costs for the violations described herein.

## SECOND CLAIM FOR RELIEF
(CSPA Violations)

42. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

43. As described herein and to be proven at trial, Defendants engaged in unfair and deceptive acts in violation of R.C. §1345.02 *et seq*.

44. As described herein and to be proven at trial, Defendants engaged in unfair and unconscionable acts in violation of R.C. §1345.03 *et seq*.

45. Specifically as described above, Defendants engaged in conduct which violates the FDCPA.

46. By violating the FDCPA, Defendants have violated CSPA.

47. Each of Defendants' violations of the FDCPA is a separate violation of the CSPA.

48. The Public Inspection File of the Ohio Attorney General contains cases declaring the acts and practices described herein to be illegal.

49. Under the CSPA, Defendants are liable to Natalie Wilson for treble actual damages or $200 per violation, up to $5,000 for emotional and other noneconomic damages, plus costs and attorney fees.

## THIRD CLAIM FOR RELIEF
(TCPA Violations)

50. Plaintiffs re-allege and incorporate by reference each and every preceding paragraph as if fully rewritten herein.

51. As described above, Defendants knowingly made calls to Plaintiff's cellular telephone via an automatic telephone dialing system and/or using an artificial or prerecorded voice without his express permission.

52. In fact, Defendants knowingly placed these calls after Plaintiff told them to cease.

53. Thus, under the TCPA, Defendants are liable to the Plaintiff for a minimum of $500 per phone call and up to $1,500 per call since the calls were made knowingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. That this Court award to Plaintiff statutory damages of $1,000 each from Defendants herein for their various violations of the FDCPA.

B. That this Court award to Plaintiff the greater or treble actual damages or statutory damages of $200 each for violations of the CSPA.

C. That this Court award to each of the Plaintiff $5,000 for noneconomic damages pursuant to R.C. 1345.09(B).

D. That this Court award to the Plaintiff actual damages in an amount to be proven at trial, including for emotional distress, annoyance, aggravation, loss of reputation, embarrassment, damage to credit, depression, anxiety, sleep deprivation, loss of appetite, and associated physical ailments.

E. That this Court award to Plaintiff $1,500 for each call placed by Defendants to Ms. Wilson's cell phone.

F. That this Court award attorney's fees, costs, and interest to Plaintiff pursuant to the FDCPA, CSPA, and other applicable law.

G. That this Honorable Court awards to Plaintiff such other and further relief as may be just and equitable.

Respectfully submitted,

s/ Michael L. Fine_____
Michael L. Fine (0077131)
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone & fax:  (216) 292-8884
mfine@ohioconsumerlawyer.com

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

s/ Michael L. Fine_____
Michael L. Fine (0077131)
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone & fax:  (216) 292-8884
mfine@ohioconsumerlawyer.com
